### CHARLES W. SWEENEY v. E. D. KENNEDY'S ADM'R, ET AL.

**Principal and Surety—Defense.**

It is no defense for sureties on a note to show that the money secured by their principal was used for illegal purposes. Their contract primarily was with the creditor who loaned the money to the principal upon the security.

APPEAL FROM GARRARD COURT OF COMMON PLEAS.

September 10, 1878.

OPINION BY JUDGE PRYOR:

It is needless to review the authorities relied on by counsel in support of the supplemental petition to which a demurrer was sustained.

It is not alleged that the appellees used the money for illegal purposes, or that they derived any benefit from its illegal use by others. There was no contract between the sureties and their principal that the money should be used in securing notes, and so far as the facts are developed by the statements of the petition, the mortgage to the sureties, as well as their liability to the obligee, in no manner depends on the application of the money to advance the claims of the obligor, Kennedy, as a candidate for clerk; nor was Kennedy under any obligation to use the means obtained from Bruce for that particular purpose. "The test is whether the con-

tract on which the claim was founded can be wholly disconnected from the illegal transaction, or whether it was in furtherance thereof." Story on the Law of Sales, p. 614. This is certainly not as strong a case as if the sureties had occupied the place of the obligee and loaned the money to Kennedy, knowing that his intention was to use it for electioneering purposes. In the case of *Hedges v. Wallace,* 2 Bush 442, it was held that the mere knowledge of the illegal purpose for which the goods are purchased will not affect the validity of the sale, but there must be some participation or interest on the part of the seller in the act itself. The ruling in this case has been recognized by several manuscript opinions. *Lockridge v. Clark,* 4 Ky. Opin. 501.

The liability of the sureties of Kennedy to them is conceded. It is not pretended that they used the money in buying notes, or caused it to be done, or derived an benefit whatever from the expenditure. Nor is it shown that they became bound as sureties on the condition that the money was to be so used. The relation of principal and surety exists independently of any other agreement than their obligation to them to pay the money. The decided weight of authority sustains this view of the question raised, and the judgment of the court below sustaining the demurrer is now *affirmed.*

*Wm. McKee Duncan, for appellant.*

*Walton & Kauffman, Burdett & Hopper, for appellees.*